IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SUZANNE SULLIVAN,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 14-CV-516-FHM

**OPINION AND ORDER**

Plaintiff, Suzanne Sullivan, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 11, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held September 20, 2012. By decision dated October 17, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 26, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 42 years old on the date of alleged onset of disability and 45 on the date of the ALJ's denial decision  She has a high school education and formerly worked as a housekeeper and dietary aide. She claims to have been unable to work since January 15, 2009 as a result of high blood pressure, diabetes, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except she is able to understand, remember, and carry out non complex work instructions. She can make simple work-related decisions. She can interact in an appropriate manner with coworkers, supervisors, and the general public. She can adapt to most work routine workplace changes. [R. 28-29]. The ALJ found that with these limitations Plaintiff can return to her past relevant work as a housekeeper and dietary aide. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case

was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff states that her physical impairments are not relevant to her appeal. She argues that the ALJ erred in failing to develop the record, failing to consider the medical source opinions, and failing to properly consider her credibility.

## **Analysis**

### Credibility Analysis

Plaintiff argues that the ALJ failed to properly consider her credibility. The ALJ found that Plaintiff was not credible with respect to her physical complaints, a finding Plaintiff does not dispute. However, the ALJ made no particularized analysis of Plaintiff's credibility about her mental impairments. The ALJ's credibility determination mentions Plaintiff's mental problems in a cursory manner, but does not specifically address the July 2011, November 2011, and April 2012 psychiatric admissions for suicide attempts in connection with Plaintiff's testimony. The undersigned finds that, with respect to the credibility of Plaintiff's claims about her mental functioning, the ALJ failed to closely and affirmatively link the findings to substantial evidence as required. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). Therefore, the case must be remanded for the ALJ to supply the proper credibility analysis.

Consideration of Medical Source Opinions

A consultative mental examination was performed by Jeri Fritz, Ph.D. [R. 360-362]. Dr. Fritz concluded that Plaintiff was able to understand, retain, and follow directions; her attention and concentration was such that she could perform simple, repetitive tasks; her ability to relate to others was estimated to be good; and her ability to handle the stress of day to day interactions was adjudged to be fair. [R. 362]. Plaintiff argues that although the term "fair" was not defined, it is clear that Dr. Fritz's opinion that her ability to handle stress was "fair" indicates she was more limited in her ability to handle stress than in her ability to relate to others. Plaintiff points out that Dr. Fritz assigned her a Global Assessment of Functioning[2] (GAF) score of 50, which Plaintiff argues could only relate to her ability to handle stress, as that score is not congruent with Dr. Fritz's other findings. Nothing about the GAF score itself, or Dr. Fritz's report provides any basis for Plaintiff's conclusion that the GAF score is necessarily the result of her inability to handle stress. When Dr. Fritz's evaluation is read as a whole, it does not appear that use of the term "fair" to describe Plaintiff' ability to handle stress is meant to indicate that she is incapable of working. Rather, it appears from the context that Dr. Fritz conveyed that he found Plaintiff to have the ability to handle the stress of day to day interactions, rather than an inability.

---

[2] The Global Assessment of Functioning (GAF) score is a subjective rating on a one hundred point scale, divided into ten numerical ranges. The GAF permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning. *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders,* 32, 34 (Text Revision 4th ed.2000)("DSM-IV-TR). The DSM-IV-TR instructs that the GAF scale has two components: the first part covering symptom severity, and the second part covers functioning. If <u>either</u> the symptom severity <u>or</u> the level of functioning falls within the range, a GAF within that range should be assigned. And, where the symptom severity and level of functioning are discordant, the GAF rating should reflect the worse of the two. *Id.* at 32-33.

Plaintiff also argues that Dr. Parks' opinion that Plaintiff had a limited ability to handle stress was not discussed or considered. Since the record does not contain any opinions by Dr. Parks about Plaintiff's ability to handle stress, the court assumes the reference to Dr. Parks in this context is a typographical error.

While the court finds no error in the ALJ's treatment of Dr. Fritz's opinion, the court notes that his opinion was rendered in June 2011, before Plaintiff's July 2011, November 2011, and April 2012 psychiatric admissions. Likewise, the mental RFC assessment by state Disability Determination Services (DDS) psychologist Joy Kelley, Ph.D. was rendered before those admissions. [R. 378-380]. Since the case is being remanded, the ALJ will have an opportunity to weigh Dr. Fritz's report and Dr. Kelley's opinions in light of Plaintiff's mental health treatment for suicide attempts.

### Development of the Record

At the hearing, the ALJ asked whether the file was up to date medically. Counsel advised that despite Plaintiff's efforts Dr. Parks, the doctor who had treated Plaintiff's mental condition, did not supply his treatment records. Counsel requested a subpoena for the records. [R. 45]. The ALJ told counsel to put the request in writing and to advise what he intended to prove with the records. [R. 46]. At the end of the hearing, the ALJ reiterated that counsel was to submit a letter about Dr. Parks' records and "what she hopes to prove by having his records that we don't already have in the file." [R. 66]. Dr. Parks' records are not in the file. There is no indication in the record or in Plaintiff's briefing that any request was submitted to the ALJ in writing. Thus, it does not appear that counsel complied with the ALJ's request. Plaintiff argues that by failing to obtain Dr. Parks' records, the ALJ filed in his duty to develop the record

5

The ALJ does have a duty to develop the record. In *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004), the Court stated the ALJ has the duty to develop the record by obtaining pertinent records that come to his attention during a hearing. However, the Court also said that where the claimant is represented by counsel, the ALJ is entitled to rely on counsel to structure and present the case in a way that the claims are adequately explored. Further, the ALJ may require counsel to identify issues that need further development. 20 C.F.R. § 404.950(d) provides for the issuance of a subpoena to obtain documents for a hearing, but requires the request to be in writing, be submitted at least 5 days before the hearing date, and the written request must specify the important facts the documents are expected to prove and indicate why the facts could not be proven without a subpoena. These requirements are also set out in the acknowledgment of Plaintiff's request for a hearing, [R. 100], and in the Notice of Hearing, [R. 109], both of which were mailed to Plaintiff and her counsel.

In the present case counsel identified some records that were not in the record. However, counsel did not follow the procedure for obtaining a subpoena for the records, nor did counsel comply with the ALJ's request for a statement about what the records were expected to prove. In her reply brief, Plaintiff characterizes the situation as a "technically deficient request for a subpoena." [Dkt. 23, p. 3]. The court views this as more than a technically deficient subpoena request as counsel also failed to follow through on the ALJ's instructions. Since counsel failed to follow through on the clear instructions, it was reasonable for the ALJ to proceed without those records. The court finds that the failure to obtain Dr. Park's records does not present a basis for remanding the case.

6

On remand, if Plaintiff desires the assistance of the ALJ in procuring medical records, her counsel should follow the procedures set out in the regulations for obtaining a subpoena.

## Conclusion

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 15th day of March, 2016.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE